IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH CALLAWAY POTTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 6:22-CV-03137-DGK-SSA |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Elizabeth Callaway Potter's application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 *et seq*. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including lumbar degenerative changes, mild degenerative changes of the hands, and multiple trigger fingers of the hands, but she retained the residual functional capacity ("RFC") to perform a range of light work with certain restrictions. The ALJ ultimately found that Plaintiff was capable of performing her past relevant work as an insurance clerk.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for disability insurance benefits on October 22, 2019, alleging a disability onset date of October 1, 2019. The Commissioner denied the application at the initial claim level,

and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on September 21, 2021, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on April 26, 2022, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the ALJ's actions at Step Four. Plaintiff argues the ALJ erred in formulating the RFC because he improperly found: (1) that she could perform light work as opposed to sedentary work; and (2) that she could handle and finger sufficiently to perform her past work. Neither argument has merit.

### I. The ALJ's finding that Plaintiff could perform light work does not warrant reversal or remand.

Plaintiff first contends that the ALJ erred in finding that she could perform light work despite her limitations. Defendant argues that the ALJ's finding on this issue is supported by substantial evidence and, even if it was not, any error was harmless since the ALJ ultimately found that Plaintiff could perform her past sedentary work as an insurance clerk.

Defendant is correct. The Court finds that substantial evidence supports the ALJ's light work finding. But even if the ALJ erred in so finding, any such error was harmless. *See Grindley v. Kijakazi*, 9 F.4th 622, 629 (8th Cir. 2021) ("Even if the ALJ made some misstatements in his order, reversal of an ALJ's decision is not required if an error was harmless, meaning there is no

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

indication that the ALJ would have decided differently if the error had not occurred." (internal quotation marks omitted)). Even if the ALJ had limited Plaintiff's RFC to "sedentary" as opposed to "light" work, the result would have been the same. The ALJ ultimately found that Plaintiff could perform her past work as an insurance clerk, which is a sedentary job. Indeed, Plaintiff does not even dispute this point.

Thus, the ALJ's finding that Plaintiff could perform light work does not require remand or reversal.

## II. Substantial evidence supports the ALJ's finding that Plaintiff could handle and finger frequently.

Plaintiff next appears to argue that the ALJ's finding that she could frequently handle and finger requires remand or reversal. In particular, Plaintiff argues that her allegations as well as some medical records support a finding that she was more limited in her ability to finger and handle than what the ALJ found. Defendant argues that substantial evidence supports the ALJ's finding because the ALJ appropriately discounted her allegations of disabling limitations and the record evidence as a whole did not support disabling limitations in her ability to finger and handle.

Defendant is again correct. As an initial matter, Plaintiff's entire argument on this front invites the Court to reweigh the evidence. But the Eighth Circuit has been clear that "[i]t is not the role of [the reviewing court] to reweigh the evidence presented to the ALJ or try the issue in this case de novo." *Dols v. Saul*, 931 F.3d 741, 746 (8th Cir. 2019). So Plaintiff's argument as a whole provides no basis to reverse or remand.

And more fundamentally, the ALJ's findings as to Plaintiff's fingering and handling limitations are supported by substantial evidence. A large part of Plaintiff's evidence on this issue was from her complaints of disabling pain and limitations in her hands, wrists, and fingers. But the ALJ properly discounted those allegations for a multitude of reasons. First, at least one medical

4

provider recommended that Plaintiff have surgery for her finger and carpal tunnel issues, but there is no record that she followed this recommendation or that she sufficiently inquired into the availability of free treatment or reduced rate insurance. *See Hensely v. Colvin*, 829 F.3d 926, 933 (8th Cir. 2016); *Whitman v. Colvin*, 762 F.3d 701, 706 (8th Cir. 2014); *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). Second, despite claiming disability from the second half of 2019 through 2020, Plaintiff received disability benefits during this time period, thereby evincing "a willingness and ability to work [that] contradict[ed] her claim of disabling pain." *Milam v. Colvin*, 794 F.3d 978, 984 (8th Cir. 2015); *see* Mo. Rev. Stat. § 288.040 (receipt of Missouri unemployment benefits requires a claimant to be "able to work and available to work" as well as "actively and earnestly seeking work"). Third, the medical evidence contradicted her claims of disabling wrist, finger, and hand pain, including a consultative examination that demonstrated that while she had somewhat limited grip strength, Plaintiff was still able to complete various tasks that required dexterity and manipulation of the hands, fingers, and wrists and the x-rays only showed mild degenerative changes in the hands. *See Bernard v. Colvin*, 774 F.3d 482, 488–89 (8th Cir. 2014) (noting that allegations of disabling limitations may be discounted if they are inconsistent with objective medical evidence).

On top of the ALJ's sound and well-supported credibility analysis, his treatment of the medical opinion of Bruce Schlafly, M.D. is also supported by substantial evidence. The ALJ found Dr. Schlafly's diagnosis of disabling limitations in the hands, fingers, and wrists was not supported by his own records and inconsistent with the record as a whole. For example, despite noting that Plaintiff's condition could improve with surgery and other treatment, Dr. Schlafly found her disabled. R. at 17, 283. Also, the ALJ found that his opinion from 2019 was inconsistent with the recent records that showed no treatment of Plaintiff's trigger finger injury. R. at 17, 494. Lack of

5

Case 6:22-cv-03137-DGK   Document 14   Filed 06/06/23   Page 5 of 6

support and consistency are two proper bases to discount an opinion. *See Swarthout v. Kijakazi*, 35 F.4th 608, 611 (8th Cir. 2022). Overall, the ALJ's decision was within the "zone of choice." *See Buckner*, 646 F.3d at 556.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   June 6, 2023                                              /s/ Greg Kays
                                                                  GREG KAYS, JUDGE
                                                                  UNITED STATES DISTRICT COURT